UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Christian Wulf, | Civil Action No.: |
| Plaintiff, | |
| v. | |
| Citibank NA, | COMPLAINT |
| Defendant. | |

RECEIVED JAN 23 2014 U.S.D.C. S.D. N.Y. CASHIERS

For this Complaint, the Plaintiff, Christian Wulf, by undersigned counsel, states as follows:

## JURISDICTION

1.     This action arises out of the Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), and the invasions of the Plaintiff's personal privacy by the Defendant in their illegal efforts to collect a consumer debt.

2.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.     The Plaintiff, Christian Wulf ("Plaintiff"), is an adult individual residing in New York, New York, and is a "person" as defined by 47 U.S.C. § 153(10).

5.     The Defendant, Citibank NA ("Citibank"), is a business entity with an address of 399 Park Avenue, New York, New York, 10043, and is a "person" as defined by 47 U.S.C. § 153(10).

## FACTS

6.      Beginning on or around mid-November 2014, Citibank placed calls to Plaintiff's cellular telephone.

7.      At all times mentioned herein, Citibank called Plaintiff using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

8.      When Plaintiff answered the calls from Citibank, he experienced a brief period of silence before a live person came on the line.

9.      At all times, Citibank placed calls to Plaintiff in an attempt to speak with a person unknown to Plaintiff regarding a Home Depot credit card debt.

10.      On one occasion, when the Plaintiff got through to a live person, he informed Citibank that he did not know of anyone by the name of "Carlos Delacruz" and that Citibank was placing calls to the wrong telephone number.

11.      In addition, Plaintiff requested that Citibank cease all calls to his cellular telephone.

12.      Regardless of Citibank's knowledge that they were placing calls to the wrong telephone number, Citibank placed approximately two dozen subsequent calls to Plaintiff's cellular telephone.

13.      Upon information and belief, Plaintiff never provided his consent to Capital to be contacted on his cellular telephone.

14.      If at one time Citibank had obtained Plaintiff's express consent to place calls to his cellular telephone, it no longer had consent after Plaintiff requested that the calls cease.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, *et seq.*

15.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16.     At all times mentioned herein and within the last year, Citibank called Plaintiff on her cellular telephone using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

17.     In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order,* 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id.* In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

18.     Citibank's telephone systems have all the earmarks of a predictive dialer. Often times when Plaintiff answered the phone, he was met with a period of silence before Citibank's telephone system would connect him to live person.

19.     Upon information and belief, Citibank's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

20.     Plaintiff did not provide and/or revoked his consent to be contacted on his cellular

telephone, and in fact instructed Citibank to stop all calls to him and cease calling his cellular telephone.

21.     Citibank continued to place automated calls to Plaintiff's cellular telephone after being advised by Plaintiff that they were placing calls to the wrong telephone number and knowing there was no consent to continue the calls.  As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

22.     The telephone number called by Citibank was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

23.     The calls from Citibank to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

24.     Each of the aforementioned calls made by Defendant constitutes a violation of the TCPA.

25.     As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

26.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

### VIOLATIONS OF NEW YORK GBL § 349
### ENGAGING IN UNLAWFUL DECEPTIVE PRACTICES AND ACTS

27.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

4

28.     The acts, practices and conduct engaged in by the Defendant and complained of herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General Business Law of the State of New York, NY GBL § 349.

29.     The Defendant willfully and knowingly engaged in conduct constituting deceptive acts and practices in violation of NY GBL§ 349.

30.     The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendant.

31.     By virtue of the foregoing, the Plaintiff is entitled to recover actual damages, trebled, together with reasonable attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendant as follows:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(1)(A);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

3. Against the named the Defendant, awarding the Plaintiff actual damages, trebled, pursuant to NY GBL § 349;

4. Against the named the Defendant, awarding the Plaintiff punitive damages in such amount as is found appropriate; and

5. Granting the Plaintiff such other and further relief as may be just and proper.

5

TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: January 20, 2014

Respectfully submitted,

By: _____

Sergei Lemberg, Esq. (SL 6331)
LEMBERG LAW L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff